## HARRISON HOBBS v. SAMUEL SOLIS.

*Signature to Contract Obtained by Fraud.*

The defense to a suit on a written contract for putting up lightning rods was that the defendant's signature was obtained by fraud. Evidence was admitted of a conversation between the parties in which defendant consented to plaintiff's taking the job at an agreed price; it was also shown that plaintiff afterwards presented to defendant for his signature a paper which defendant, who could not read very well, did not read at all, but which he understood from plaintiff was a recommendation of the job, and as plaintiff professed to be in a hurry, only a little of it relating to its being satisfactory was read to defendant. The jury was instructed that the question of fraud depends on the circumstances of each case, and they must determine whether they were such as to mislead this defendant into signing the paper when he would not have done it if he had known the facts. *Held*, that there was no error in admitting the evidence, nor in the charge.

Error to Superior Court of Detroit. Submitted October 5. Decided October 16.

ASSUMPSIT. The facts are in the opinion.

*H. C. Wisner* and *Edwin F. Conely* (on brief) for plaintiff in error. Where the defense to a contract is fraud, the burden is on the defendant to show legal fraud. *Beatty v. Fishel*, 100 Mass., 448; *Jones v. Emery*, 40 N. H., 350. One cannot avoid a contract for having carelessly entered into it. 2 Pars. Cont., 772; 1 Story on Cont., §§ 625, 636; 1 Story's Eq. Jur., §§ 197–9; *Cronk v. Cole*, 10 Ind., 488; *Moore v. Turbeville*, 2 Bibb., 604; *Nebeker v. Cutsinger*, 48 Ind., 445; *Seeright v. Fletcher*, 6 Blackf., 380; *Watson v. Planter's Bank*, 22 La. Ann., 14.

*Crofoot & Kudner* (on brief) for defendant in error. The rule excluding parol evidence to vary a written contract is that where the parties have deliberately and understandingly executed an instrument, where one has not been defrauded, they cannot afterwards be permitted in any court to insist that it does not express their real intentions, *Adair v. Adair*, 5 Mich., 210; but parol evidence is admissible to show that the instrument is wholly void, or by reason of fraud or want of due execution and delivery never had any legal existence or binding force. *Sutherland v. Crane*, Walk. Ch., 523; *Fuller v. Parrish*, 3 Mich., 214; 1 Greenl. Ev., § 284. When one party to a contract undertakes to state its contents to the other, he is bound to state them correctly, and the other party may rely on his representations. *Gibbs v. Linabury*, 22 Mich., 479; *Anderson v. Walter*, 34 Mich., 122; *Griffiths v. Kellogg*, 39 Wis., 290. It is fraud for one contracting party to designedly misrepresent the value of the subject matter of the contract, of which the other is ignorant. *Picard v. McCormick*, 11 Mich., 68.

COOLEY, C. J. In this suit the plaintiff seeks to recover the contract price for putting lightning rods on defendant's farm buildings. It is not disputed that he put on the rods as claimed, but defendant testified that he agreed to put

them on for forty dollars, while plaintiff produces an order or agreement signed by defendant, according to which they were to be put on at prices given in detail for rod, points, braces, vanes and balls or stars, according to which the cost would figure up more than four hundred dollars. The plaintiff insisted on recovering according to the terms of this contract, while the defendant claimed that his signature was procured by fraud, and the jury so found. The questions that arise on the present record relate to evidence received to show the fraud, and to the charge of the judge upon it.

The evidence which was excepted to consisted in the defendant's statement, given in detail, of a conversation with the plaintiff in which the latter solicited the job of putting up the rod, and the defendant's assent to his doing so at the agreed price of forty dollars, and of the subsequent transaction when the signature to the order or contract was obtained. On this last occasion defendant testified that the paper was presented to him as a recommendation to others of the job; that plaintiff said he had taken it very low, and he wanted it in regard to that; that defendant could not read very well, and did not read the paper at all, and only a little of it, in regard to its being satisfactory was read to him; that plaintiff professed to be in a hurry at the time. The plaintiff gave no evidence in denial of these statements.

The judge submitted this evidence to the jury under a charge which would permit them to find from it that the paper was obtained by fraud. He also charged the jury as follows: "The facts and circumstances, outside of the contents, will sometimes have an effect upon this question of fraud. If a party cannot read, and that is known to the other side, then, as a matter of course, that would have some bearing upon the exact limits of the care which a party should take in signing the paper. If a party should present a paper and say he is in a great hurry, that he cannot stop for the man to read it, but he will state the contents; if he does not say that, but is in a position or situation where the other party naturally and fairly sup-

poses that in making a statement of the paper he intends to make that statement fairly and fully, and does not wish to wait until there can be a reading and examination of the paper, then, of course, those are matters which may be and should be considered by the jury. To state the whole matter briefly, this question of fraud must depend entirely on the circumstances of each case, and the question submitted to the jury is, whether the facts and circumstances connected with the signature are such as to mislead him into signing the paper, when if he had known the facts he would not have signed the paper."

We cannot agree with the plaintiff that there was any error in receiving the evidence, or any thing unfair in the charge. The case is within the previous decisions of this court: *Gibbs v. Linabury*, 22 Mich., 479; *Anderson v. Walter*, 34 Mich., 113. Whether the evidence ought to have satisfied the jury we are not called upon to say; but the case was submitted to them under a very fair charge—only a small portion of which we have given—and there was competent evidence to sustain their finding, and also, as we think, to sustain all that was said by the judge in his statement of the case to the jury.

The judgment will be affirmed, with costs.

The other Justices concurred.